## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No. 5:12-CV-122-F

CAROL DALENKO,                    )
                Plaintiff,         )
                                   )
        v.                         )           O R D E R
                                   )
DONALD W. STEPHENS, *et al.*       )
                Defendants.        )

This matter is before the court on the Motion to Dismiss for Insufficiency of Service of

Process [DE-83] filed by Defendants Donald E. Harrison and "any 'unnamed' parties whose

identity is unascertained." Also pending before the court are the Plaintiff's Second Motion to

Extend Time to Serve Wake County Sheriff [DE-86], Motion to Assign U.S. Marshall [sic] or

Deputy to Serve Sheriff [DE-88], Motion to Extend Time to Respond, or Otherwise Plead in

Response, to Motion to Dismiss [DE-89] and Amended Second Motion to Extend Time to Serve

Wake County Sheriff [DE-91]. All the motions are ripe for ruling.

## I. PERTINENT[1] PROCEDURAL AND FACTUAL HISTORY

Plaintiff initiated this action by filing a Complaint [DE-1] on March 7, 2012, alleging

claims against various state judicial officers. On May 22, 2012, Plaintiff filed a "Joined

Complaint" [DE-9] alleging claims against additional state judicial officers. In response to the

---

[1] For a detailed recitation of the procedural and factual history as it pertains to Plaintiff's
claims against Defendants Donald W. Stephens, Shannon R. Joseph, William R. Pittman,
Kenneth C. Titus, Donna S. Stroud, Robert C. Hunter, James A. Wynn, Jr., Sam Ervin, IV, and F.
Blare Williams see the court's January 8, 2013, Order [DE-94] dismissing Plaintiff's claims as to
those defendants.

filing of the Joined Complaint [DE-9], the court issued an order on May 25, 2012, observing that Plaintiff may file an amended complaint once as matter of course pursuant to Federal Rule of Civil Procedure 15(a), and she appeared to have attempted to do this through the filing of the "Joined Complaint." May 25, 2012 Order [DE-13]. The court observed that "[r]ather than filing a completely separate document with new allegations and newly-named defendants, however, Dalenko should have just filed one amended complaint which contains her allegations and claims against all the defendants." *Id.* Accordingly, the court ordered Plaintiff to file within 21 days, "one amended complaint which lists all of the defendants in the caption and contains all of her allegations and claims." *Id.* Plaintiff apparently took this Order to be an invitation to file, without leave, a complaint which not only named the state judicial officer defendants in the Original Complaint and Joined Complaint, but also included additional defendants and claims, including her allegations that Wake County Sheriff Donald Harrison and "unnamed" prison officers and guards violated her rights while she was confined in the Wake County Jail from November 2 to November 9, 2009. After receiving leave of court, Plaintiff filed another amended complaint, denominated "Amended Complaint (II)" [DE-36] on July 19, 2012, making substantially similar allegations. Summons were issued for Donald Harrison and unnamed prison officers and guards on July 11, 2012 [DE-32].

On October 25, 2012, Plaintiff filed a "Motion to Extend Time to Serve Wake County Defendants" [DE-73], wherein she stated that she "has had substantial difficulties getting any information from or about the Wake County Sheriff's Department, and her prior attempts [at service] by certified mail simply disappeared." The motion was allowed by the Clerk of Court, giving Plaintiff thirty additional days, up to and including November 29, 2012, to make service

2

on Defendant Harrison and the unnamed prison guards. Thereafter, Plaintiff attempted to make service on Harrison in two different ways. First, she served one summons and a copy of the Amended Complaint (II) by certified mail, return receipt requested addressed to "John Maxfield, Atty (For WakeCty Sheriff's Dept)." *See* Proof of Service [DE-79-1]. Plaintiff also attempted service by having a Wake County deputy sheriff serve Harrison.

On November 30, 2012, Harrison and "any 'unnamed' parties whose identity is unascertained" moved to dismiss Plaintiff's claims against them on the basis of insufficient service. Thereafter, on December 14, 2012, Plaintiff filed her "Second Motion to Extend Time to Serve Wake County Sheriff" [DE-86], seeking an extension of time until December 31, 2012, to serve Harrison and the unnamed prison guards. That same day, she moved [DE-88] for an order from the court directing the United States Marshal to serve process on Harrison and the unnamed prison guards, and she moved for an extension of time [DE-89] to file a response to Harrison's motion to dismiss. A few days later, on December 18, 2012, Plaintiff filed an Amended Second Motion to Extend Time to serve Wake County Sheriff, seeking an extension of time until January 16, 2013, to serve Harrison and the unnamed prison officers. Harrison[2] opposed Plaintiff's various motions, and filed written opposition [DE-93] thereto on December 31, 2012. Plaintiff filed response and reply briefs on January 16 and 17, 2013. Therein, Plaintiff asserts that she effected service on Harrison via United Parcel Service delivery of the summons and complaint to Harrison on December 20, 2012.

---

[2] Although Harrison's motion and responses also are filed on behalf of the "unnamed" parties, for purposes of this order the court will refer only to "Harrison."

## II. ANALYSIS

### A. Standard of Review

A plaintiff bears the burden of showing that the service of process, and the process itself,

complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure.

*Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled

that

> [w]hen the process gives the defendant actual notice of the pendency of the action,
> the rules, in general, are entitled to a liberal construction. When there is actual
> notice, every technical violation of the rule or failure of strict compliance may not
> invalidate the service of process. But the rules are there to be followed, and plain
> requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

The requirements for service of process are set forth in Federal Rule of Civil Procedure

4(c), which provides that a plaintiff is responsible for having the summons, with a copy of the

complaint, served on the defendant within the time allowed by Rule 4(m). FED. R. CIV. P.

4(c)(1). Rule 4(m), in turn, prescribes a 120-day period after the filing of the complaint during

which a plaintiff must effect service. FED. R. CIV. P. 4(m). The rule, however, also states that a

court must extend the time for service if the plaintiff shows good cause for failure to effect

service. *See also* FED. R. CIV.P. 4(m) advisory committee's note (explaining that Rule 4(m)

"explicitly provides that the court shall allow additional time if there is good cause for the

plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a

plaintiff of the consequences of an application of this subdivision even if there is no good cause

4

shown").[3] An extension of time may also be granted under Rule 6(b) of the Federal Rules of

Civil Procedure upon a showing of excusable neglect where a plaintiff's motion for an

enlargement of time to effect service is made after the 120-day period has passed. *Mendez v.*

*Elliot*, 45 F.3d 75, 78 (4th Cir. 1995).

With regard to effective service of process, Rule 4(e) allows for service of a summons

and complaint on an individual by:

> (1) following state law for serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where service
> is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the
>> individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of
>> abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by
>> law to receive service of process.

*Id.* The North Carolina Rules of Civil Procedure, in turn, allows for proper service by "mailing

a copy of the summons and of the complaint, registered or certified mail, return receipt requested,

addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1,

Rule 4(j)(1)(c). The North Carolina Rules also provide for service "[b]y depositing with a

designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons

and complaint, addressed to the party to be served, delivering to the addressee and obtaining a

delivery receipt." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(d). Finally, Federal Rule 4(c) provides

---

[3] There is much debate within the Fourth Circuit as to whether a district court has
discretion, in the absence of a showing of good cause, to allow an extension of time for a plaintiff
to make service. *See Tenenbuam v. PNC Bank Nat'l Ass'n*, Civil Action No. DKC 10-2215,
2011 WL 2038550, at *3-4 (D. Md. May 24, 2011) (summarizing the split of opinion within the
Fourth Circuit). The court will assume, for purposes of this Order only, that a plaintiff must
show good cause in order to obtain an extension of time.

that service may be made by "[a]ny person who is at least 18 years old and not a party."

## B. Discussion

The court agrees with Harrison that Plaintiff's first two attempts at service–via certified mail, return receipt requested, and via personal service on Harrison–were insufficient. The record shows that the certified mail was not addressed to Harrison, but rather to John Maxwell, legal counsel to the sheriff. *See* N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (providing for service via "certified mail, return receipt requested, *addressed to the party to be served*, and delivering to the addressee") (emphasis added); *Watson v. Jiffy Lube*, No. 5:10-CV-00572-F, 2011 WL 2456707, at \*2 (E.D.N.C. June 15, 2011) (explaining that the methods of proper service "do not include certified mail addressed to a defendant's place of employment, return receipt requested, and signed by a person who is neither the addressee nor the addressee's registered agent). Maxwell is not authorized to accept service of process upon Harrison. *See* Aff. of Maxwell [DE-84-1] ¶¶ 4-10.

Furthermore, Plaintiff's attempt at personal service on Harrison was defective because Plaintiff, by utilizing a deputy sheriff, essentially caused Harrison to serve himself. *See* N.C. Gen. Stat. § 162-24 ("The sheriff may not delegate to another person the final responsibility for discharging his official duties, but he may appoint a deputy or employ others to assist him in performing his official duties."); N.C. Gen. Stat. § 162-14 and 162-16 (providing that one of a sheriff's official duties is to execute all writs, summonses and other process legally issued to him); FED. R. CIV. P. 4(c)(2) (providing that only nonparties may make service in an action).

Since Harrison has filed his motion to dismiss for insufficient service of process, however, Plaintiff herself has filed proof of "supplemental" process [DE-92], and attached a

6

receipt showing that Harrison signed for a United Parcel Service delivery on December 20, 2012 [DE-92-1]. Plaintiff asks that the court allow her Second Motion for Extension of Time [DE-86], and deem this service of process on Harrison to be timely. Harrison opposes this, arguing that Plaintiff has failed to establish good cause or excusable neglect. Harrison also appears to argue that any extension of time would be "futile" because all acts complained of by Harrison occurred more than three years ago, and would therefore be barred by the applicable statute of limitations.[4]

Harrison's latter argument is flatly wrong. Plaintiff filed the "Amended Complaint" on July 2, 2012 [DE-36]. The acts of Harrison that she complains of occurred between November 2 and November 9, 2009. *See* Amended Complaint II [DE-36] p. 1. The Amended Complaint therefore was filed within the three-year statute of limitations applicable to Dalenko's claims against Harrison. *See National Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991) (determining that the three-year limitations period provided by N.C. Gen. Stat. § 1-52(5) is applicable to § 1983 claims).

The court also does not agree with Harrison's former argument, and finds that Plaintiff has established both good cause and excusable neglect for the extension of time to effect proper service of process. "For a court to find good cause, the plaintiff must generally exercise reasonable diligence in trying to effect service." *Tenenbaum*, 2011 WL 2038550, at *4 (D. Md. May 24, 2011). Courts have found good cause to exist where plaintiff has "taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited,

---

[4] Other than timeliness, Harrison has not raised any other objection with the December 20, 2012 service.

7

through no fault of his own, from taking such an affirmative action." *Vincent v. Reynolds Memorial Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992). Similarly, a showing of "excusable neglect seems to require a demonstration of good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified in the rules." 4B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE AND RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 1165 (3d ed. 2002).

Here, Plaintiff's representations to the court indicate that she has diligently tried to effect proper service on Harrison, and when notified of any perceived deficiencies in the service, has acted to cure those deficiencies. Moreover, she relied on a deputy sheriff's ostensible service on Harrison. Plaintiff has now served Harrison within the additional time she requested. Under the circumstances of this case, the court finds that both good cause and excusable neglect have been established, and Plaintiff's Second Motion for an Extension of Time [DE-86] is ALLOWED, and Plaintiff is deemed to have had until December 31, 2013 to effect service.[5] Consequently, her Motion to Assign U.S. Marshall [sic] or Deputy to Serve Sheriff [DE-88] and Amended Second Motion to Extend Time to Serve Wake County Sheriff [DE-91] are DENIED as moot. Defendant's Motion to Dismiss [DE-83] is DENIED.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Extend Time to Respond, Or Otherwise Plead in Response, to Motion to Dismiss [DE-89] and Second Motion for an Extension of Time [DE-86] is ALLOWED, and Plaintiff is deemed to have had until December 31, 2012 to effect

---

[5] The court also ALLOWS Plaintiff's Motion to Extend Time to Respond, Or Otherwise Plead in Response, to Motion to Dismiss [DE-89].

8

service. Defendants' Motion to Dismiss [DE-83] is DENIED. Plaintiff's Motion to Assign U.S. Marshall [sic] or Deputy to Serve Sheriff [DE-88] and Amended Second Motion to Extend Time to Serve Wake County Sheriff [DE-91] are DENIED as moot. The Clerk of Court is DIRECTED to continue the management of this case.

SO ORDERED. This the 27ᵗʰ day of June, 2013.

James C. Fox

JAMES C. FOX
Senior United States District Judge

9