IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00122-F

| | |
|---|---|
| CAROL DALENKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DONALD W. STEPHENS, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff's Motion to Compel Discovery Responses from Wake County Defendants, filed on March 10, 2015 [DE-134]. Defendants "unnamed prison officers and guards" ("Defendants") have responded [DE-143] and the matter is ripe for ruling. For the reasons that follow, Plaintiff's motion to compel is granted in part and denied in part.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated the instant case on March 7, 2012, pursuant to 42 U.S.C. § 1983, alleging that various members of the North Carolina judiciary acted under color of state law to deprive her of property, civil liberties, and freedom in violation of her due process rights under the Fourteenth Amendment during the course of state litigation. Compl. [DE-1]. On May 22, 2012, Plaintiff filed a "Joined Complaint" asserting similar claims against additional members of the North Carolina judiciary. [DE-9]. The court then ordered Plaintiff to file "one amended complaint which lists all of the defendants in the caption and contains all of her allegations and claims" to ensure that all of Plaintiff's claims were contained in a single document. May 25, 2012 Order [DE-13].

On July 2, 2012, Plaintiff filed an Amended Complaint, including new allegations against

Defendant F. Blare Williams, Assistant Clerk for the Wake County Superior Court, related to Williams' refusal to docket an action for Plaintiff in Wake County until Plaintiff complied with a 2001 Gatekeeper Order issued by Wake County Superior Court. [DE-25]. Plaintiff also added claims against Wake County Sheriff Donald Harrison and "unnamed" prison officers and guards, whom she alleged violated her civil rights during her confinement in the Wake County Jail from November 2 until November 9, 2009. *Id.* With leave of court, Plaintiff filed a Second Amended Complaint on July 19, 2012, which contained essentially the same allegations. [DE-36].

Defendant members of the North Carolina judiciary moved to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6) [DE-41], and the court granted Defendants' motion on January 8, 2013 [DE-94]. Thereafter, Defendant Harrison moved, on behalf of himself and the unnamed prison officers and guards, to dismiss Plaintiff's claims based on insufficient service of process [DE-83], which the court denied on June 28, 2013 [DE-98]. Defendant Harrison then moved on behalf of himself and the unnamed prison officers and guards to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) [DE-100], which the court allowed as to all claims against Defendant Harrison and all claims against the unnamed prison guards in their official capacities. [DE-125]. The court denied Defendants' motion "as to the § 1983 claim asserted against the three prison guards, in their individual capacity, who responded to the collapse of Plaintiff in her cell." *Id.* In this same order, the court cautioned Plaintiff that she "must identify these unnamed guards by the close of discovery. Failure to identify the unknown parties by the close of discovery will result in their dismissal from this action without prejudice." *Id.* at 20 n.8 (citing *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982)).

The court then entered a scheduling order on April 3, 2014, with the following critical

2

deadlines: motions to join additional parties and to amend the pleadings to be filed by January 15, 2015; discovery to be completed by March 15, 2015; and potentially dispositive motions to be filed by April 15, 2015. Scheduling Order [DE-128]. On January 15, 2015, Plaintiff sought an extension of time to file motions for leave to join parties and amend the pleadings until March 15, 2015 [DE-132], which the court granted [DE-133].

## DISCUSSION

Here, Plaintiff seeks an order from the court compelling Defendants to "respond fully and completely" to Plaintiff's First Set of Interrogatories and Restated First Set of Interrogatories. Pl.'s Mot. [DE-134] at 1. Plaintiff states that she served Defendants with Interrogatories to "discover the full 'identities' of (3) guards and their supervisors, among others." Pl.'s Mem. [DE-136] at 3. In the instruction portion of her Interrogatories, Plaintiff provided Defendants with a definition of "identify:"

> [t]o "identify" when used in reference to a person means to state the individual's full name and any aliases in the last (5) years, person's current residential and work address and telephone numbers, and the person's place of employment during the "relevant time period", [sic] title of position held, duties, and name of the person's immediate supervisor.

Pl.'s Mot. [DE-134] at 1. In support of her motion to compel, Plaintiff argues that she "needs to be able to name the heretofore 'Unnamed' defendants as proper parties to this action, for particular acts complained of, and in the particular capacities in which they acted and authority they exercised." *Id.* at 2. Plaintiff also argues that she "will do [the] best she can with what she has to seek leave to join parties and/or amend the pleadings, but still needs the full and complete responses as expeditiously as the court may so order." Pl.'s Mem. [DE-136] at 6.

In response, Defendants argue that they have responded to both Plaintiff's First Set of

3

Interrogatories and Plaintiff's Restated First Set of Interrogatories. Defs.' Resp. [DE-143] at 1. Defendants argue that their discovery responses to Plaintiff

> included an entire copy of all records related to plaintiff's incarceration including her entire medical chart, medical observation records showing the names of all officers or medical personnel who came in contact with plaintiff, legal process and booking documentation ... [a]lso included were records relating to Detention Operations for the period of plaintiff's incarceration including the names of all officers on duty, by area including floor for the period November 2, 2009 to November 9, 2009.

*Id.* at 1-2. Further, Defendants describe meeting with Plaintiff on October 14, 2014, to allow Plaintiff "to view photos of all guards and maps of the layout of the First floor of the jail." *Id.* at 2. At this meeting, Plaintiff asked for the names of four individuals whose photos she had viewed. *Id.*; *see* Oct. 15, 2014 Email [DE-143-3] (counsel for Defendants providing Plaintiff with the names of the four individuals). Plaintiff then served Defendants with the Restated First Set of Interrogatories on November 28, 2014. Pl.'s Restated Interrogs. [DE-134-3]. Defendants responded, Defs.' Resp. to Restated Interrogs. [DE-143-4], and further mailed Plaintiff "certified mail receipt requested, color photos of all employees working at the time of her incarceration and their full names" on January 8, 2015. Defs.' Resp. [DE-143] at 3.

Defendants incorporate their memorandum in support of their Motion to Dismiss for Lack of Prosecution and Failure to Join Parties, wherein Defendants restate the discovery timeline and argue that Plaintiff has been dilatory in prosecuting her case. Defs.' Mem. [DE-140] at 1-6. Specifically, Defendants note that "[a]t the October 14, 2014 'meeting', [sic] plaintiff asked many questions about identities, locations of cells, etc. and she actually picked out four (4) photos and asked for the identity of those officers. She was given that information–even then she was not able or did not want to move forward with her case." *Id.* at 5-6.

4

Plaintiff discusses the identities of the unnamed Defendants in two recent filings with the court: Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Prosecution and Failure to Join Parties, filed on April 13, 2015 [DE-148], and Plaintiff's Motion for Extension of Time to File Response to Defendants' Motion for Summary Judgment, filed on May 8, 2015 [DE-152]. In Plaintiff's Response, she states that she knows the identities of the "unnamed" defendants:

> [d]espite WC Defendants' evasive and incomplete answers to her Interrogatories, the Plaintiff has identified other photos relevant to the inquiry. Plaintiff determined the names of the previously "Unnamed" defendants, with less information available to her than WC Defendants have in its possession or control from its database and employees.
> Plaintiff studied the photos and list of names that WC served on her on January 9, 2015 [DE-134, Exh. D] and correlated them to the daily rosters that WC previously served on August 13, 2014 [DE-134, Exh. B]. In this manner, Plaintiff has identified the names of "Unnamed" defendants, in particular the (3) guards from November 4, 2009. Any further information to fully "identify" and join them as parties is maintained by the WC Sheriff's Office and therefore available and discoverable through court intervention.

Pl.'s Resp. [DE-148] at 6-7. Further, Plaintiff argues that the Defendants' evasive responses in discovery have delayed her in moving to join the unnamed Defendants. *Id.* at 8. Additionally, in Plaintiff's Motion for Extension of Time, she states that "she has identified the (3) guards who entered her cell and spoke to her after she passed out and collapsed early in the morning on November 4, 2009, being Meredith Richards, Samuel Baldwin, and Linda Smith." Pl.'s Mot. [DE-152] at 2. Plaintiff attaches as an exhibit the photographs and names of those three individuals, accompanied by the following statement: "Ms. Dalenko has identified the following (3) guards who entered her cell and spoke to her after she passed out and collapsed early in the morning on 11/4/2009." Ex. A [DE-152-1].

Fed R. Civ. P. 26(b)(1) provides the general rule regarding the scope of discovery. "Parties

5

may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (internal citations and quotations omitted). Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer . . . if . . . a party fails to answer an interrogatory submitted under Rule 33[.]" Fed. R. Civ. P. 37(a)(3)(B)(iii). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that the court may "limit the frequency or extent of discovery otherwise allowed by these rules" if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C). Additionally, "the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (unpublished) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

Here, the court determines that Defendants have provided Plaintiff with ample information to allow her to identify the unnamed parties to the case. The court's conclusion is bolstered by Plaintiff's repeated statements that she has actually identified the unnamed parties. Pl.'s Resp. [DE-148] at 6-7; Pl.'s Mot. [DE-152] at 2. However, the court is cognizant of the broad scope of

6

discovery, *see* Fed. R. Civ. P. 26(b)(1), and the fact that Plaintiff has requested relevant information through discovery which she has not received from Defendants–specifically the information contained in Plaintiff's definition of "identify" in her discovery requests. Pl.'s Mot. [DE-134] at 1. Given the volume and content of the information already provided to Plaintiff and the expiration of the discovery period, the court will not grant Plaintiff's motion to compel as to all of the interrogatories. Plaintiff will be entitled, however, to an opportunity to discover the requested identity information as to the three identified guards. As defined in Plaintiff's discovery requests:

> [t]o "identify" when used in reference to a person means to state the individual's full name and any aliases in the last (5) years, person's current residential and work address and telephone numbers, and the person's place of employment during the "relevant time period", [sic] title of position held, duties, and name of the person's immediate supervisor.

Pl.'s Mot. [DE-134] at 1. Defendants shall have until **May 28, 2015** to provide Plaintiff with this information in writing as to the three identified guards: Meredith Richards, Samuel Baldwin, and Linda Smith. Plaintiff shall then have until **June 11, 2015**, to file a motion to amend the complaint in conformity with Rule 15 of the Federal Rules of Civil Procedure to identify the unnamed Defendants.

Sanctions are available in conjunction with a motion to compel discovery. Fed. R. Civ. P. 37(a)(5) (providing for sanctions if the court grants, denies, or grants in part and denies in part a motion to compel). The rule provides, however, that the court should not award sanctions if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii) & (B). Further, "the imposition of discovery sanctions is generally within the sound discretion of the trial court." *Billips v. N.C. Benco Steel, Inc.*, No. 5:10-CV-095-RLV-DCK, 2011 WL 34416, at *5 (W.D.N.C. Aug. 8, 2011) (unpublished) (internal citations and quotation omitted). Given the protracted nature

7

of the instant dispute, the court determines that sanctions are unwarranted and no sanctions will be awarded in conjunction with Plaintiff's motion to compel.

## CONCLUSION

It is therefore ordered that Plaintiff's motion to compel [DE-134] is GRANTED in part and DENIED in part.

1. Defendants shall have until **May 28, 2015** to provide Plaintiff with the "identity" information in writing as to the three identified guards: Meredith Richards, Samuel Baldwin, and Linda Smith; and

2. Plaintiff shall then have until **June 11, 2015**, to file a motion to amend the complaint in conformity with Rule 15 of the Federal Rules of Civil Procedure to identify the unnamed Defendants.

SO ORDERED, this the 14 of May 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

8