IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-00122-F

| | |
|---|---|
| CAROL DALENKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| DONALD W. STEPHENS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the following motions by Plaintiff: (1) Motion to Vacate Judgment for Defendants' Misconduct [DE-176], (2) Motion to Accept Affidavit as Timely Filed [DE-179], (3) Motion for Sanctions [DE-187], and (4) Motion to Stay [DE-186]. For the reasons that follow, Plaintiff's motions to vacate, to stay, and for sanctions are DENIED, and Plaintiff's motion to accept affidavit is ALLOWED.

## I. BACKGROUND

On July 20, 2015, the court granted Defendants' motion for summary judgment in this action and ordered the case closed. [DE-173]. On the same day, Plaintiff moved to vacate the judgment.[1] On September 6, 2016, Plaintiff notified the court of her intention to seek sanctions against Defendants and moved to stay these proceedings until Defendants responded to her sanctions motion. [DE-186].[2] On October 4, 2016, Plaintiff moved for sanctions against Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure. [DE-187].[3]

---

[1] Defendants responded on August 9, 2016 and Plaintiff replied on September 2, 2016. [DE-181, -185].
[2] Defendants did not respond.
[3] Defendants did not respond.

## II. MOTION TO VACATE JUDGMENT

Plaintiff argues that Defendant Wake County improperly withheld a description of three guards' duties, despite having been ordered to produce the information on May 14, 2015.[4] Despite the court's order, Plaintiff contends that Wake County failed to provide the requested information until July 16, 2015.[5]

Rule 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). To prevail, a movant under Rule 60(b) must establish three factors: (1) the existence of a meritorious claim or defense; (2) misconduct, proven by clear and convincing evidence; and (3) the misconduct prevented the movant from fully presenting its case. *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). If the movant proves these three elements, the court then "must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (quoting *Square Constr. Co.*, 657 F.2d at 71).

Here, even assuming the truth of Plaintiff's factual allegations, she cannot prevail because she fails to establish the existence of a meritorious claim. The court granted summary judgment in Defendants' favor because Plaintiff failed to present evidence of deliberate indifference. *See* Order of July 20, 2015 [DE-173] ("Here, there is no record evidence that any

---

[4] *See* Order of May 14, 2015 [DE-154] at 7 (requiring Defendants, by May 28, 2015, to produce the following information with regard to the three guards: "the individual's full name and any aliases in the last (5) years, person's current residential and work address and telephone numbers, and the person's place of employment during the 'relevant time period', [sic] title of position held, *duties*, and name of the person's immediate supervisor" (quoting Pl.'s Mot. [DE-134] at 1) (emphasis added) (alteration in original)).

[5] *See* Notice [DE-175].

guard subjectively believed that Plaintiff was suffering from an objectively serious condition."). The allegedly withheld information—a description of the guards' duties—would not alter the court's analysis on this issue. Accordingly, Plaintiff's motion to vacate is DENIED.

### III. MOTION FOR SANCTIONS

Plaintiff moves for sanctions against Wake County, arguing that in addition to withholding the description of the guards' duties, Wake County violated Rule 11:

- By denying the fact that they continued to withhold relevant "duties" of the (3) guards until after their Motion For Summary Judgment was submitted to the Court [DE-175];
- By equivocating around the fact that the Plaintiff has not filed amended claims against the (3) guards, that what the Court allowed was not a "Motion To Amend"; [sic] and
- By misrepresenting applicable law from *Schultz v. Butcher*, 24 F.3d 626 (4th Cir, [sic] 1994) by relying in their Response on summary judgment Order procured by their misconduct.

Mem. Supp. Sanctions [DE-192] at 3–4.

Rule 11 of the Federal Rules of Civil Procedure requires that by submitting a pleading, an attorney "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that his "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and his "factual contentions have evidentiary support or ... will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Violation of Rule 11(b) may lead to sanctions. *See* Fed. R. Civ. P. 11(c)(1).

Under Fourth Circuit law, "maintaining a legal position to a court is only sanctionable when, in applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified."

3

*McNeill v. Melvin*, No. 5:12-CT-3169-FL, 2014 WL 4701592, at *3 (E.D.N.C. Sept. 22, 2014) (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)). As Wake County has prevailed in this matter, its legal arguments can hardly be called unreasonable.

As for Wake County's failure to timely produce the guards' identity information, the court finds this allegation—undisputed by Wake County—troubling. There is little excuse for failure to comply with the court's clear and direct order. Nonetheless, the court does not find Wake County's actions sanctionable, as Plaintiff could have and should have pursued this matter prior to entry of summary judgment.[6] Instead, she chose to respond to Defendants' motion for summary judgment without the benefit of the withheld information. The court will not issue sanctions against Wake County now, when Plaintiff failed to pursue the matter while the litigation was pending.[7]

The court perceives no basis on which to impose sanctions against Wake County.

### IV. CONCLUSION

For the foregoing reasons, it is ordered as follows:

- Motion to Vacate Judgment for Defendants' Misconduct [DE-176] is DENIED;
- Motion to Accept Affidavit as Timely Filed [DE-179] is ALLOWED;
- Motion for Sanctions [DE-187] is DENIED; and
- Motion to Stay [DE-186] is DENIED.

---

[6] On June 5, 2015, Plaintiff filed a Motion for Discovery Sanctions and Show Cause Order for Criminal Contempt [DE-161], seeking sanctions against Defendants for failure to fully comply with the court's May 14, 2015 Order. On June 19, 2015, Plaintiff withdrew the motion. [DE-166].

[7] Further, although Wake County's alleged actions fail to exemplify the best practices of the legal profession, they resulted in no harm to Plaintiff, as the information she sought would have had no impact on the outcome of the case.

4

SO ORDERED.

This the 17 day of January, 2017.

                                                        *James C. Fox*
                                            JAMES C. FOX
                                            Senior United States District Judge