IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-122-D

| | | |
|---|---|---|
| CAROL DALENKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DONALD W. STEPHENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 8, 2017, this case was reassigned to this court from Senior United States District Judge James C. Fox, who has taken inactive senior status [D.E. 212]. The court now addresses several pending motions of plaintiff Carol Dalenko ("Dalenko"). Three of the motions ask the court to extend the time for Dalenko to file memoranda in support of other pending motions. See [D.E. 201]; [D.E. 208]; [D.E. 218]. Dalenko has already filed these memoranda. See [D.E. 203]; [D.E. 209]; [D.E. 219]. The court grants Dalenko's motions for extension of time, and has considered her supporting memoranda.

Dalenko has filed two motions under Rule 60(a) of the Federal Rules of Civil Procedure. See [D.E. 200]; [D.E. 207]. She asks the court to clarify and correct Judge Fox's order denying Dalenko's motions to vacate the order of summary judgment in favor of defendants, to stay, and for sanctions. See [D.E. 194]. Federal Rule of Civil Procedure 60(a) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "Rule 60(a) applies when the court intended one thing but by merely clerical mistake or oversight did another." Rhodes v. Hartford Fire Ins. Co., 548 F.

App'x 857, 859 (4th Cir. 2013) (per curiam) (unpublished) (quotation omitted). Under Rule 60(a) a court can "correct either such mistake to conform the text with its original intent." Sartin v. McNair Law Firm PA, 756 F.3d 259, 266 (4th Cir. 2014). Whether to grant a Rule 60(a) motion rests within the court's discretion. See id. at 265.

Judge Fox's order contains no mistakes or ambiguities that conflict with or obfuscate the court's original intent. Thus, the court denies the motion. See id. at 265–66; Rhodes, 548 F. App'x 859–60.

Dalenko seeks reconsideration of the court's order denying her motion to vacate the grant of summary judgment in favor of defendants. See [D.E. 215]. Dalenko does not say under what Rule she seeks reconsideration. There are two possibilities: Rule 59(e) and Rule 60(b). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411 (4th Cir. 2010); In re Burnley, 988 F.2d 1, 2–3 (4th Cir. 1992) (per curiam). If made under Rule 59(e), Dalenko's motion is untimely because she filed it more than 28 days after the court entered judgment. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").[1] Thus, the court treats Dalenko's motion as arising under Rule 60(b). See Burnley, 988 F.2d at 2–3.

The court has considered Dalenko's motion under Rule 60(b). See Fed. R. Civ. P. 60(b); Robinson, 599 F.3d at 411–13; Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997); Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993); Burnley, 988 F.2d at 2–3; Werner v. Carbo, 731 F.2d 204, 206–07 (4th Cir. 1984); Compton v. Alton S.S. Co., 608 F.2d 96, 101–03 (4th Cir. 1979). The motion does not meet the governing legal standard and is denied.

---

[1] Alternatively, even if timely, the motion does not meet the governing legal standards under Rule 59(e). See, e.g., Robinson, 599 F.3d at 407; Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

2

Dalenko's final two motions request that this case be reassigned to a different judge. See [D.E. 214]; [D.E. 222]. The court construes these motions as motions to recuse under 28 U.S.C. § 455. See Mosley v. Tate, No. 3:13-CV-66-RJC, 2013 WL 653271, at *4 (W.D.N.C. Feb. 21, 2013) (unpublished). The court has reviewed the motions under the governing legal standard. See Microsoft Corp. v. United States, 530 U.S. 1301, 1301–02 (2000) (Rehnquist, C.J.); Liteky v. United States, 510 U.S. 540, 546–56 (1994); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 858–61 (1988); Belue v. Leventhal, 640 F.3d 567, 572–76 (4th Cir. 2011); United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008); United States v. Cherry, 330 F.3d 658, 665–66 (4th Cir. 2003); United States v. DeTemple, 162 F.3d 279, 283–88 (4th Cir. 1998). No basis exists for recusal, and the motions are denied.

In sum, the court DENIES plaintiff's motions to clarify and correct [D.E. 200, 207], motions to reassign the case [D.E. 214, 222], and motion for reconsideration [D.E. 215]. The court GRANTS plaintiff's motions for extension of time [D.E. 201, 208, 218] and motion to amend her proposed order [D.E. 217].

SO ORDERED. This 20 day of September 2017.

J. Dever
JAMES C. DEVER III
Chief United States District Judge

3